IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN GUANA GARZA,<br><br>        Petitioner,<br><br>  vs.<br><br>ALAMEIDA, Director,<br><br>        Respondent. | No. CV-F-02-5579 REC SMS HC<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS.<br>(Docs. 21 & 35) |

On September 7, 2004, the United States Magistrate Judge recommended that the Court deny Petitioner Roman Guana Garza's second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Timely objections have been filed.

The Court has reviewed the record herein de novo and concludes that the petition should be DENIED.

The Court concurs with the Magistrate Judge's recommendation that Petitioner is not entitled to habeas corpus relief under the standards set by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  See 28 U.S.C. § 2254(d).

The Magistrate Judge correctly recommended that the judgment of the state court was not "contrary to" and did not involve an

1

1  "unreasonable application" of "clearly established Federal law."
2  See Lockyer v. Andrade, 538 U.S. 63, 71, 123 S. Ct. 1166, 155 L.
3  Ed. 2d 144 (2003) (citing 28 U.S.C. § 2254(d)(1)).

4      The Magistrate Judge properly concluded that defendant
5  failed to show that juror misconduct impaired his right to a fair
6  trial by an impartial jury.  The Supreme Court has held, in the
7  federal habeas corpus context, that a state trial court's finding
8  that a juror is impartial only violates the defendant's
9  constitutional right to a fair trial where the trial court's
10 finding amounts to "manifest error."  Patton v. Yount, 467 U.S.
11 1025, 1031, 104 S. Ct. 2885, 81 L. Ed. 2d 847 (1984); see also
12 Irvin v. Dowd, 366 U.S. 717, 723, 81 S. Ct. 1639, 6 L. Ed. 2d 751
13 (1961).

14     The AEDPA requires that a federal court presume that the
15 state court's factual findings are correct.  28 U.S.C.
16 § 2254(e)(1).  Petitioner may rebut these findings with "clear
17 and convincing evidence."  Id.  Where the defendant failed in the
18 state action to develop the evidence in support of his claim, the
19 federal court should not hold an evidentiary hearing unless:

```
        (A) the claim relies on--
            (i) a new rule of constitutional
            law, made retroactive to cases on
            collateral review by the Supreme
            Court, that was previously
            unavailable; or
            (ii) a factual predicate that could
            not have been previously discovered
            through the exercise of due
            diligence; and
        (B) the facts underlying the claim would be
            sufficient to establish by clear and
            convincing evidence that but for
```

2

          constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner did not allege that he lacked the opportunity to develop the record in the trial court. To support his allegation of juror misconduct before the trial court, he only produced his own affidavit and the affidavit of Andrea Lari. Each affidavit featured general averments that lacked details to support Petitioner's claim that Juror No. 7 (the "Juror") knew him, such as the circumstances of any occasion on which the two met. As the court of appeal noted, California Evidence Code section 1150 would have allowed Petitioner to produce affidavits from jurors to demonstrate that conduct, conditions, or events occurring in the jury room deprived him of a fair trial. See 2d Am. Pet. Ex. B at 14. There is no evidence that Petitioner even attempted to do so. If the record before the trial judge was lacking, it was only because Petitioner failed to develop it. Furthermore, Petitioner's claim does not rely on a new rule of constitutional law, the factual predicate of his claim could have been discovered through the use of juror affidavits, and the facts are not sufficient to show that the state court's decision necessarily rests on a constitutional error. See 28 U.S.C. § 2254(e)(2). Accordingly, the Magistrate Judge properly denied Petitioner an evidentiary hearing.

Whether the state court reasonably applied the law to the facts should be assessed "in light of the record the [state]

3

court had before it." Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004). Accordingly, absent a finding that the state court of appeal's rejection of the claim was unreasonable, the additional affidavits the parties have submitted are not properly before this Court. See id. (holding that federal court erred when it found the state court's application of law unreasonable "on the basis of evidence not properly before the state court").

The court of appeal weighed all of the facts and decided that they did not establish juror misconduct. It reasonably concluded that Petitioner's bare claims that he knew the Juror, that she drove her daughter to his restaurant, and that he "met [her] on other occasions" did not establish that the Juror knew him and was therefore untruthful during voir dire. The court of appeal also decided that even if the Juror knew Petitioner, Petitioner's firing of her daughter did not necessarily establish bias. Petitioner's claim was also unsubstantiated, according to the court of appeal, because he failed to obtain juror affidavits to support it, despite having a right to do so. See Cal. Evid. Code § 1150. The Court concurs with the Magistrate Judge's recommendation: the court of appeal's decision that jury misconduct did not deprive Petitioner of a fair trial was not unreasonable. Because of this finding, reviewing evidence that was not before the court of appeal is inappropriate.[1] See

---

[1] The Magistrate Judge's analysis refers to Juror No. 7's affidavit, which was not before the state courts. Report and

4

<u>Holland</u>, 542 U.S. at 652.

The state courts' refusal to consider the Lari declaration is not grounds to grant the petition. The Magistrate Judge indicates that "'incorrect' evidentiary rulings are not the basis for federal habeas relief." Report and Recommendation at 8-9. While no absolute bar exists to a federal court's review of a state court evidentiary ruling, the federal court may base habeas corpus relief on such a ruling only in severely limited circumstances. A federal court may grant relief on the basis of a state court evidentiary ruling only if the ruling itself amounts to a constitutional violation. <u>Tinsley v. Borg</u>, 895 F.2d 520, 530 (9th Cir. 1990); <u>see also</u> <u>Chia v. Cambra</u>, 360 F.3d 997, 1003-07 (9th Cir. 2004) (granting writ of habeas corpus where state trial judge excluded on a hearsay basis exculpatory statements bearing "strong indicia of reliability"). Successful petitioners have shown that the evidentiary ruling violates their due process rights. <u>See</u> <u>Tinsley</u>, 895 F.2d at 530; <u>Chia</u>, 360 F.3d at 1003. Petitioner does not contend that the state courts' exclusion of Lari's declaration violated any of his

---

Recommendation at 9. The Magistrate Judge's conclusion that Petitioner's showing in the state courts was inadequate does not, however, rest on the affidavit. The Magistrate Judge included the Juror's affidavit to show that "the alleged misconduct did not prejudice Petitioner to the extent that he did not receive a fair trial." <u>Id.</u> The prejudice analysis would only affect this Court's holding if the state courts had unreasonably found that Petitioner did not prove juror misconduct. This Court does not consider the Juror's affidavit to conclude that the court of appeal's decision was not unreasonable.

5

constitutional rights.[2]

Petitioner's claim that the trial court abused the discretion that California law accords him to grant a new trial is not properly before the Court. A federal court considering habeas corpus relief does not address errors in state law. Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

The state courts' rejection of Petitioner's claim of jury misconduct was not contrary to clearly established Federal law, did not involve an unreasonable application of clearly established Federal law, and was not based on an unreasonable determination of the facts.

**ACCORDINGLY**:

1. The Report and Recommendation of September 7, 2004 is ADOPTED IN FULL.

---

[2] In any event, Petitioner would be unable to make such a showing. Excluding a hearsay statement that "bears persuasive assurances of trustworthiness and is critical to the defense" may violate due process. Chia, 360 F.3d at 1003 (citing Chambers v. Mississippi, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973)). The Court is not aware of any "clearly established Federal law" that applies the Chambers rationale to evidence not probative of guilt, such as a determination of jury misconduct. See Chambers, 410 U.S. at 301 ("In these circumstances, where constitutional rights ***directly affecting the ascertainment of guilt*** are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice.") (emphasis added). Additionally, Lari's secondhand recollection of her conversation with M.D. lacks the assurances of trustworthiness present in cases where courts have found due process violations. See Chia, 360 F.3d at 1004-05 (self-inculpatory statements of declarant while he was " in real danger of imminent death"); Chambers, 410 U.S. at 300-02 (declaration against interest).

6

2.   The petition for writ of habeas corpus is DENIED.

3.   JUDGMENT FOR RESPONDENT TO BE ENTERED.


IT IS SO ORDERED.

**Dated:   November 16, 2005**                     **/s/ Robert E. Coyle**
810ha4                                                            UNITED STATES DISTRICT JUDGE