IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN GUANA GARZA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ALAMEIDA, Director, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | No. CV-F-02-5579 REC SMS <br><br> ORDER GRANTING PETITION FOR CERTIFICATE OF APPEALABILITY. <br><br> (Doc. 40) |

On December 20, 2005, Petitioner moved for a certificate of appealability (COA) from this Court's judgment of November 16, 2005. Appeal may not be taken without a COA from either this Court or from the United States Court of Appeals. 28 U.S.C. § 2253.[1] The standard for granting a COA has been stated as

---

[1] Section 2253 of Title 28 of the United States Code provides in relevant part:

    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

1

follows:  "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." United States v. Zuno-Arce, 339 F.3d 886, 888-89 (9th Cir. 2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000)).  Any doubts about whether a petitioner has met this standard must be resolved in his favor.  Silva v. Woodford, 279 F.3d 825, 833 (9th Cir. 2002) (citing Slack, 529 U.S. at 483-84); see also Jefferson v. Welborn, 222 F.3d 286, 289 (7th Cir. 2000) (COA should issue unless petitioner's claims are "utterly without merit").

Petitioner's Second Amended Petition sought relief on one basis:  that the trial court violated his constitutional rights when it denied his motion for a new trial based on allegations of jury misconduct.

Petitioner alleged that one of the jurors that convicted him at trial knew him, preventing him from receiving a fair trial. He alleged that the juror had hostility toward him because he had

---

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

2

fired the juror's daughter, who had worked at the restaurant he owned.  A defendant is entitled to a new trial where juror misconduct prevents him from receiving a fair trial.  <u>United States v. Klee</u>, 494 F.2d 394, 396 (9th Cir. 1974).  Petitioner has made a showing of denial of a constitutional right sufficient that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>See United States v. Zuno-Arce</u>, 339 F.3d at 888-89.

**Accordingly,** Petitioner's Petition for a Certificate of Appealability is GRANTED.


IT IS SO ORDERED.

**Dated: January 10, 2006**              /s/ Robert E. Coyle
810ha4                                   UNITED STATES DISTRICT JUDGE

3